SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X

ANGEL UGALDE,

                      Plaintiff,

-against-

CVS PHARMACY, INC., and 251 EAST 51ST STREET CORP.,

                      Defendants.

------------------------------------------------------------------X

Index #
Date Purchased

Plaintiff designates QUEENS County as place of Trial

The basis of venue is Plaintiff's residence.

**SUMMONS**

Plaintiff's Address:
680 Seneca Avenue
Ridgewood, New York 11385

TO THE DEFENDANTS:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the date of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Garden City, New York
       March 31, 2021

                                  LAW OFFICES OF NEIL MOLDOVAN, P.C.

                                  By: TOD GROMAN, ESQ.
                                  Attorneys for Plaintiff
                                  900 Stewart Avenue, Suite 220
                                  Garden City, New York 115304
                                  (516) 294-3300

**Defendants' Addresses**

**CVS PHARMACY, INC.**
**C/O CAROL A. DENALE**
1 CVS DRIVE
WOONSOCKET, RHODE ISLAND 02895

**251 EAST 51ST STREET CORP., L.P.**
**C/O WALLACK MANAGEMENT CO INC.**
441 LEXINGTON AVENUE 4th FLOOR
NEW YORK, NEW YORK 10017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------------x
ANGEL UGALDE,                                           Index No.:

                      Plaintiff,
                                                   **VERIFIED COMPLAINT**

      -against-

CVS PHARMACY, INC., and 251 EAST 51ST STREET CORP.,
L.P.,

                     Defendants.
-------------------------------------------------------------------------x

      Plaintiff, by and through his attorneys, the LAW OFFICES OF NEIL MOLDOVAN, P.C., complaining of the Defendants herein, alleges the following upon information and belief:

1. That at all times hereinafter mentioned Plaintiff, **ANGEL UGALDE (hereinafter "UGALDE")** was and still is a resident of the County of QUEENS, State of New York.

2. That at all times herein mentioned, Defendant **CVS PHARMACY, INC. (hereinafter "CVS")** was and still is a foreign business corporation or other legal entity duly organized and existing under and by virtue of the laws of the State of Rhode Island.

3. That at all times herein mentioned, Defendant **251 EAST 51ST STREET CORP. (hereinafter "251")** was and still is a domestic business corporation or other legal entity duly organized and existing under and by virtue of the laws of the State of New York.

**AS AND FOR A FIRST CAUSE OF ACTION
AGAINST DEFENDANT CVS**

4. That **UGALDE** hereby incorporates by reference each and every allegation set forth and contained within paragraphs "1 through 4" above as if more fully alleged at length herein.

5. That at all times herein mentioned **CVS**, through its agents, servants, employees, and/or assigns, owned the premises located at 969 2nd Avenue, County of New York, State of New York and

appurtenances and fixtures thereat. **(hereinafter "premises).**

6. That at all times herein mentioned, **CVS,** through its agents, servants, employees, and/or assigns, operated the aforesaid premises.

7. That at all times herein mentioned, **CVS,** through its agents, servants, employees, and/or assigns, managed the aforesaid premises.

8. That at all times herein mentioned, **CVS,** through its agents, servants, employees, and/or assigns, maintained the aforesaid premises.

9. That at all times herein mentioned, **CVS,** through its agents, servants, employees, and/or assigns possessed the aforesaid premises.

10. That at all times herein mentioned, **CVS** through its agents, servants, employees, and/or assigns supervised the aforesaid premises.

11. That at all times herein mentioned, **CVS,** through its agents, servants, employees, and/or assigns controlled the aforesaid premises.

12. That on February 05, 2021 **UGALDE** was lawfully present on the aforesaid premises.

13. That on February 05, 2021 while **UGALDE** was lawfully on the aforesaid premises, he was caused to sustain serious and permanent injuries when he was walking on a broken floor **(hereinafter occurrence).**

14. The above-mentioned occurrence, and the results thereof, were the result of the negligence of **CVS**, and/or said Defendant's agents, servants, employees and/or licensees in the ownership, operation, management and control of the aforesaid premises.

15. That at all times hereinafter mentioned, it was the duty of **CVS,** its agents, servants, employees and/or assigns to own, operate, maintain, supervise, repair and control the aforementioned premises in a reasonably safe condition.

16. That **CVS** knew, or should have known, of the existence of the said dangerous condition before the happening of the subject occurrence.

17. That no negligence on the part of the **UGALDE** contributed to the occurrence alleged herein in any manner whatsoever.

18. That by reason of the forgoing, **UGALDE** was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries **UGALDE** has been caused to incur, and will continue to incur, expenses for medical care and attention; and as a further result **UGALDE** was and will continue to be rendered unable to perform his normal activities and duties and has sustained a resultant loss therefrom.

19. That as a result of the foregoing, **UGALDE** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT 251

20. That **UGALDE** hereby incorporates by reference each and every allegation set forth and contained within paragraphs "1 through 19" above as if more fully alleged at length herein.

21. That at all times herein mentioned, the Defendant **251** through its agents, servants, employees, and/or assigns, owned the aforesaid premises and appurtenances and fixtures thereat.

22. That at all times herein mentioned, **251,** through its agents, servants, employees, and/or assigns, operated the aforesaid premises.

23. That at all times herein mentioned, **251,** through its agents, servants, employees, and/or assigns, managed the aforesaid premises.

24. That at all times herein mentioned, **251,** through its agents, servants, employees, and/or assigns,

maintained the aforesaid premises.

25. That at all times herein mentioned, 2**51,** through its agents, servants, employees, and/or assigns possessed the aforesaid premises.

26. That at all times herein mentioned, 2**51,** through its agents, servants, employees, and/or assigns supervised the aforesaid premises.

27. That at all times herein mentioned, 2**51,** through its agents, servants, employees, and/or assigns controlled the aforesaid premises.

28. The above-mentioned occurrence, and the results thereof, were the result of the negligence of **251** and/or said Defendant's agents, servants, employees and/or licensees in the ownership, operation, management and control of the aforesaid premises.

29. That at all times hereinafter mentioned, it was the duty of the 2**51**, its agents, servants, employees and/or assigns to own, operate, maintain, supervise, repair and control the aforementioned premises in a reasonably safe condition.

30. That Defendant knew or should have known of the existence of the said dangerous condition before the happening of the subject occurrence.

31. That no negligence on the part of **UGALDE** contributed to the occurrence alleged herein in any manner whatsoever.

32. That by reason of the forgoing, **UGALDE** was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries **UGALDE** has been caused to incur, and will continue to incur, expenses for medical care and attention; and as a further result **UGALDE** was and will continue to be rendered unable to perform his normal activities and duties and has sustained a resultant loss therefrom.

33. That as a result of the foregoing, **UGALDE** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff demands judgment against the Defendants herein on all causes of action, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: Garden City, New York
      March 31, 2021

                Yours, etc.
                LAW OFFICES OF NEIL MOLDOVAN, P.C.

                _____
                By: TOD GROMAN, ESQ.
                Attorneys for Plaintiff
                900 Stewart Avenue, Suite 220
                Garden City, New York 11530
                (516) 294-3300

## VERIFICATION

STATE OF NEW YORK    )
                     : SS.:
COUNTY OF NASSAU     )

I, the undersigned, an attorney duly admitted to practice law in the State of New York, under penalties of perjury, does affirm:

That I am associated with The Law Office of Neil Moldovan, P.C. The attorneys on record for Plaintiff, ANGEL UGALDE, in the within matter, and make this affirmation in accordance with CPLR 3020. I have read the within SUMMONS AND VERIFIED COMPLAINT and know the content thereof to be true to your affirmant's own knowledge, with the exception of those matter herein stated to be alleged upon information and belief, and as to those matters your affirmant believe them to be true. The grounds upon which your affirmant bases his belief regarding those matters not stated upon your affirmant's knowledge are: Review of file and conversations with the plaintiffs.

This verification is made by your affirmant and not by the plaintiff for the following reason: the Plaintiffs reside outside the county where deponent maintains his office.

Dated: Garden City, New York
       March 31, 2021

_____
TOD GROMAN

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No.

ANGEL UGALDE,

                Plaintiff,

   -against-

CVS PHARMACY, INC., and 251 EAST 51ST STREET CORP.

                Defendants.

## SUMMONS AND VERIFIED COMPLAINT

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Law Offices of
**Neil Moldovan, P.C.**

Attorney(s) for
By: _____
Print Signer's Name: _____ JD GRIMAN

Office and Post Office Address, Telephone
900 STEWART AVENUE, SUITE 220
GARDEN CITY, NEW YORK 11530
Tel (516) 294-3300 · Fax (516) 294-4019

Dated:     , 20

To

Attorney(s) for

Service of a copy of the within is hereby admitted.

Dated: .......................... 20 .........

PLEASE TAKE NOTICE:

☐ **NOTICE OF ENTRY**

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on     20

☐ **NOTICE OF SETTLEMENT**

that an order     of which the within is a true copy
will be presented for settlement to the HON.     one of the judges of the
within named Court, at
on     20   at   M.

Dated,

Yours, etc.

Law Offices of
**Neil Moldovan, P.C.**