SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------------X

ANGEL UGALDE,

**CERTIFICATION
PURSUANT TO
PART 130**

                                        Plaintiff(s),

            -against-                              Index No.:707687/2021

CVS PHARMACY, INC., and 251 EAST 51ST STREET
CORP.

                                Defendant(s),
-----------------------------------------------------------------------X

The accompanying papers are served/filed/submitted pursuant to Section 130-1 1-a:

[X] Verified Answer with cross-claim          [X] Demand for Attorney Identification

[X] Notice re: Medicals                       [X] Demand for Experts

[X] Notice for Discovery and Inspection       [X] Demand for Collateral Source

[X] Declination of Service Via Facsimile,     [X] Demand for a bill of Particulars

[X] Demand for Proof of filing                [X] Demand pursuant to CPLR 3017(c)

[ X] Demand for Insurance Information          [X] Demand for Medicare/Medicaid
                                                  Information

[X] Notice to take Deposition Upon Oral       [X ] E-discovery and Social media Demand
     Examination                                  and Litigation Hold

[ X] Demand to Plaintiff Regarding Litigation  [X] Notice to Produce
     Funding Co.

Dated: New York, New York
        April 26, 2021

                                By: _____

                                    Erin R. Frost, Esq.
                                    CULLEN and DYKMAN LLP
                                    Attorney for Defendant(s)
                                    **CVS Albany, LLC i/s/h/a CVS Pharmacy, Inc**
                                    44 Wall Street, 14th Floor
                                    New York, New York 10005
                                    Phone (212)732-2000
                                    Our File No.: 23000-145

To:    Law Office of Neil Moldovan, P.C.
        Attorney for Plaintiff
        900 Stewart Avenue, Suite 220
        Garden City, New York 11530
        Via E-mail: neil@neilmoldovanlaw.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------------X

ANGEL UGALDE,

**VERIFIED**
**ANSWER**

Plaintiff(s),

Index No.:707687/2021

-against-

CVS PHARMACY, INC., and 251 EAST 51ST STREET
CORP.

Defendant(s),

-----------------------------------------------------------------------X

The Defendant, **CVS ALBANY, LLC i/s/h/a CVS PHARMACY, INC.,** by its attorneys,

CULLEN and DYKMAN LLP., as and for its Verified Answer to plaintiff's Verified Complaint,

alleges upon information and belief.

FIRST.        Denies having knowledge or information sufficient to form a belief as to each

and every allegation contained in paragraph designated "1" of the Verified Complaint and respectfully

refer all questions of law to this Honorable Court.

SECOND.        Denies upon information and belief each and every allegation contained in

paragraph designated "2" of the Verified Complaint.

THIRD.        Denies having knowledge or information sufficient to form a belief as to each

and every allegation contained in paragraph designated "3" of the Verified Complaint.

**AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION**

FOURTH.        Defendant, repeats, reiterates and realleges each and every denial in answer

to paragraphs "1" through "3" as if more specifically set forth in answer to paragraph designated

"4" of the Verified Complaint and each and every part thereof.

FIFTH.        Denies upon information and belief each and every allegation contained in

paragraphs designated "5", "16", "17" and "18" of the Verified Complaint.

SIXTH.        Denies upon information and belief each and every allegation contained in paragraph designated "6" of the Verified Complaint and respectfully refer all questions of law to this Honorable Court except admit CVS Albany, LLC operates a pharmacy at 969 2nd Avenue, New York, New York.

SEVENTH.        Denies upon information and belief each and every allegation contained in paragraphs designated "7", "8", "9", "10", "11", "12", "13", "14", "15" and "19" of the Verified Complaint and respectfully refer all questions of law to this Honorable Court.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

EIGHTH.        Defendant, repeats, reiterates and realleges each and every denial in answer to paragraphs "1" through "19" as if more specifically set forth in answer to paragraph designated "20" of the Verified Complaint and each and every part thereof.

NINTH.        Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "21", "22", "23", "24", "25", "26", "27", "28" and "29" of the Verified Complaint.

TENTH.        Denies upon information and belief each and every allegation contained in paragraphs designated "30" and "32" of the Verified Complaint and otherwise denies having knowledge or information sufficient to form a belief as to the other answering defendant.

ELEVENTH.   Denies upon information and belief each and every allegation contained in paragraph designated "31" of the Verified Complaint.

TWELFTH.   Denies upon information and belief each and every allegation contained in paragraph designated "33" of the Verified Complaint and respectfully refer all questions of law to this Honorable Court.

## AS FOR A FIRST AFFIRMATIVE DEFENSE

THIRTEENTH.        That the causes of action herein are barred by the applicable Statutes of Limitations.

## AS FOR A SECOND AFFIRMATIVE DEFENSE

FOURTEENTH.        That there is no personal jurisdiction over the person of the answering defendant, there having been no proper service of process.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

FIFTEENTH.  Upon Information and belief, Plaintiff's economic loss, if any, specified in CPLR § 4545 was or will be replaced or indemnified, in whole or in part, from collateral sources and the defendant is entitled to have the Court consider same in determining such special damages as provided in CPLR §4545.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

SIXTEENTH. The answering defendant, pursuant to CPLR § 1412, alleges that if the plaintiff sustained any injuries or damages at the time and place alleged in plaintiff's verified complaint, such injuries or damages were the result of the culpable conduct of the plaintiff **ANGEL UGALDE** because of her negligence or assumption of risk.  Should it be found, however, that the answering defendant is liable to the plaintiff herein, any liability being specifically denied, then the answering defendant demands that any damages that are found be apportioned between and/or among the respective parties according to the degree of responsibility each is found to have had in the occurrence in proportion to the entire measure of responsibility for the occurrence.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

SEVENTEENTH.        The answering defendant's liability, if any, is limited and governed by the provisions set forth in Article 16 of the CPLR.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

EIGHTEENTH.        Any injuries or damages claimed were caused, in whole or in part, by the negligence or other culpable conduct of third parties over whom the answering defendant had not control or right to exercise such control.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

NINETEENTH.        Plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in Plaintiff's verified complaint.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

TWENTIETH.  The plaintiff **ANGEL UGALDE** assumed all risks attendant with her conduct and failed to act as a reasonable and prudent person with regard to her own safety and well being.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

TWENTY-FIRST.     The Plaintiff failed to join necessary and indispensable parties in some or all the causes of action who would be responsible in whole or in part for the damages alleged.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

TWENTY-SECOND.  In the event that any person or entity liable or claimed to be liable for the injuries alleged in this action has been given or may hereafter be given a release or covenant not to sue, the answering defendant is or will be entitled to protection under General Obligations Law § 15-108 and the corresponding reduction of any damages which may be determined to be due against the answering defendant.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

TWENTY-THIRD.     That the plaintiff assumed the risk related to activity causing the injuries sustained.

**AS AND FOR A CROSS COMPLAINT**
**OVER AND AGAINST THE CO-DEFENDANT,**
**251 EAST 51 ST STREET CORP.,**
**THIS DEFENDANT,**
**CVS ALBANY, LLC i/s/h/a CVS PHARMACY, INC.,**
**ALLEGES UPON INFORMATION AND BELIEF:**

TWENTY-FOURTH.    That if the plaintiff was caused to sustain personal injuries and resulting damages at the time and place set forth in the plaintiff's verified complaint and in the manner alleged therein, through any carelessness, recklessness, acts, omissions, negligence and/or breaches of duty and/or warranty and/or contract, other than of the plaintiff, then the said injuries and damages arose out of the several and joint carelessness, recklessness, acts, omissions, negligence and breaches of duty and/or obligation and/or Statute and/or Warranty and/or contract in fact or implied in law, upon the part of the co-defendant, with indemnification and save harmless agreement and/or responsibility by them in fact and/or implied in law and without any breaches or any negligence of the answering defendant contributing thereto; and if the answering defendant is found liable as to the plaintiff for the injuries and damages as set forth in the plaintiff's verified complaint, then, and in that event, the relative responsibilities of all said defendants in fairness must be apportioned by a separate determination in view of the existing factual disparity, and the said co-defendant herein will be liable over jointly and severally to the answering defendant and bound to fully indemnify and hold the answering defendant harmless for the full amount of any verdict or judgment that the plaintiff herein may recover against the answering defendant in this action, including all costs of investigation, disbursements, expenses and attorney's fees incurred in the defense of this action and in the conduct of this cross complaint.

**WHEREFORE**, the defendant, **CVS ALBANY, LLC i/s/h/a CVS PHARMACY, INC.,**

demands judgment dismissing the plaintiff's Amended Verified Complaint on the merits; and if the

plaintiff  **ANGEL UGALDE**  is found to have contributed to the accident or damages, that any

damages be reduced in proportion to which the plaintiff may be found to have so contributed to the

accident or damages and further demands judgment over and against the co-defendant, **251 EAST**

**51 ST STREET CORP.,**   on the cross claim, for the amount of any judgment obtained against this

answering defendant by plaintiff or any other party or on the basis of the apportionment of

responsibility in such amounts as a jury or Court may direct together with the costs, disbursements

and expenses of this action including attorney's fees.


Dated: New York, New York
      April 26, 2021

By: _____
     Erin R. Frost, Esq.
     CULLEN and DYKMAN LLP
     Attorney for Defendant(s)
     **CVS Albany, LLC i/s/h/a CVS Pharmacy, Inc**
     44 Wall Street, 14th Floor
     New York, New York 10005
     Phone (212)732-2000
     Our File No.: 23000-145

## ATTORNEY VERIFICATION

STATE OF NEW YORK            )

                                     :SS:

COUNTY OF NEW YORK          )

         **ERIN R. FROST**, being duly sworn, deposes and says:

         That she is a member of the law firm of Cullen and Dykman LLP, the attorneys for the defendant, **CVS ALBANY, LLC i/s/h/a CVS PHARMACY, INC.,** in the above entitled action; that she has read and knows the contents of the foregoing Verified Answer and that same is true to her knowledge, except as to those matters therein stated to be alleged on information and belief and that as to those matters she believes it to be true.

         Deponent further says that the grounds for her belief as to all matters therein stated upon information and belief as statements made to her by the defendant and papers and documents received by deponent from the defendant or its representatives and which are now in her possession.

         Deponent further say that the reason why this verification is made by deponent and not by the defendant is that defendant is not within the County of New York, where deponent has her office.

                                                 _____

                                                     **ERIN R. FROST**

Sworn to before me this
26th day of April, 2021

**Vernell Marshall**
**NOTARY PUBLIC, STATE OF NEW YORK**
**No. 01MA6348667**
**Qualified in Kings County**
**Commission Expires October 03, 2024**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------------------X

ANGEL UGALDE,                                          **DEMAND FOR A**
                                                       **VERIFIED BILL**
                                    Plaintiff(s),      **OF PARTICULARS**

              -against-                                Index No.:707687/2021


CVS PHARMACY, INC., and 251 EAST 51ST STREET
CORP.

                                    Defendant(s),
--------------------------------------------------------------------X

PLEASE TAKE NOTICE, that pursuant to C.P.L.R. 3041 to 3044, plaintiff is required to serve upon the undersigned, within 30 days hereof, a Verified Bill of Particulars concerning the following matters:

1.      The date, time and location of the occurrence.

2.      Detailed description of each injury sustained.

3.      Each injury claimed to have resulted in a permanent disability and describe the nature and degree of disability.

4.      The periods of a) total disability; b) partial disability.

5.      Length of time confined to:  a) bed; b) home; c) hospitals.

6.      The name of every hospital, clinic or institution where any treatment or examination was rendered, and dates of admission and discharge.

7.      Name and address of each employer; if self employed state nature of self employment and business address.

8.      Length of time incapacitated from employment.

9.      The position held and/or type of work performed by each plaintiff.

10.     Amounts claimed as lost earnings, including detailed statement as to how such lost earnings were computed.

11.     If any plaintiff was a student, give the name and address of the school attended and the length of time incapacitated from attending said school.

12.     Separately state amounts claimed for:
    a)     Physicians' services
    b)     Medications, supplies and x-rays
    c)     Nurse, therapist and chiropractic services
    d)     Hospital expenses
    e)     Any other related expenses, identify and detail.

13.     The residence address, date of birth and social security number of each plaintiff.

14.     If the occurrence took place in the interior of premises, give floor number, room, stair, aisle or other detail sufficient to locate the accident site; if upon a sidewalk or exterior of premises, the distance from the curb and building line and other fixed object.

15.     Describe in detail how it is claimed the accident occurred.

16.     All the acts and/or omissions constituting the negligence of:

    a)     this answering defendant
    b)     each co-defendant

17.     Any and all laws, rules, regulations and ordinances that are claimed to be either applicable to the occurrence or are claimed to have been violated by each defendant.

18.     If the plaintiff claims a dangerous, unsafe, or defective condition was the cause of the accident:

    a)     describe that condition;
    b)     set forth in what manner the condition described was dangerous, defective and/or unsafe;
    c)     specify the date and time when the condition was caused or created;
    d)     set forth the identity of the person or company who caused or created the condition.

19.     State whether the answering defendant:

    a)     had actual or constructive notice of the condition alleged;
    b)     if the actual notice is claimed, state to whom and by whom such notice was given; the date, place and the manner in which such Notice was given;
    c)     if constructive notice is claimed, state how long the defective condition existed and the manner in which the answering Defendant knew or should have known of the condition.

Dated: New York, New York
      April 26, 2021

                                                  CULLEN and DYKMAN LLP
                                                  Attorney for Defendant(s)
                                                  **CVS Albany, LLC i/s/h/a CVS Pharmacy, Inc**
                                                  44 Wall Street, 14th Floor
                                                  New York, New York 10005
                                                  Phone (212)732-2000
                                                  Our File No.: 23000-145

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X

ANGEL UGALDE,                                                    **NOTICE FOR
                                                                DISCOVERY AND
                                                                INSPECTION**
                                Plaintiff(s),

            -against-                             Index No.:707687/2021

CVS PHARMACY, INC., and 251 EAST 51ST STREET
CORP.

                                Defendant(s),
------------------------------------------------------------------X

        **PLEASE TAKE NOTICE** that the undersigned hereby demands that the plaintiff

produce for discovery and inspection with leave to photocopy, at the office of the undersigned

within thirty (30) days the following:

1.      The names and addresses of all persons who were eyewitnesses to the occurrence. (Zellman v. Metropolitan Transit Authority 40 AD2d 248)

2.      The names and addresses of all persons who will testify on the issue of notice, actual or constructive, concerning the condition of the premises as alleged in the Complaint. (Zayas v. Morales, 45 AD2d 610)

3.      Any written or recorded statement taken of this party or its agents, servants, employees or representatives by any party or any party's representative.

4.      All photographs which any party will allege fairly and accurately depict the condition of the premises at the time and place of the happening of the occurrence.

5.      An original, duly executed authorization which would enable the office of the undersigned to obtain copies the plaintiff's records from the Workers Compensation Board. (Form OC110a attached.).

6.      An original, duly executed authorization which would enable the office of the undersigned to obtain copies of the plaintiff's records from the Workers Compensation carrier.

7.      An original, duly executed authorization which will enable the office of the undersigned to obtain copies of the plaintiff's union records.

8.      An original duly executed authorizations which will enable the office of the undersigned to obtain copies of the plaintiff's employment records from 2017 through 2020.

9.     An original, duly executed authorization on IRS form 4506 with two forms of identification, permitting this defendant to obtain plaintiff's federal income tax returns, including W2s for the years 2017, 2018, 2019 and 2020.


**PLEASE TAKE FURTHER NOTICE,** that the above demands are deemed continuous and

that upon further discovery, plaintiff must comply with said demands.


Dated: New York, New York
       April 26, 2021

CULLEN and DYKMAN LLP
Attorney for Defendant(s)
**CVS Albany, LLC i/s/h/a CVS Pharmacy, Inc**
44 Wall Street, 14th Floor
New York, New York 10005
Phone (212)732-2000
Our File No.: 23000-145

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X

ANGEL UGALDE,                                                      **DEMAND FOR**
                                                                   **MEDICARE/MEDICATION**
                                         Plaintiff(s),             **INFORMATION**

             -against-                                             Index No.:707687/2021

CVS PHARMACY, INC., and 251 EAST 51ST STREET
CORP.

                                         Defendant(s),
-------------------------------------------------------------------X

**COUNSELORS:**

   PLEASE TAKE NOTICE, that pursuant to Article 31 of the CPLR and 42 USC §1395y

(b)(8)(A), the undersigned attorneys for defendant(s), **CVS ALBANY, LLC i/s/h/a CVS**

**PHARMACY, INC.,** hereby demand that plaintiff furnish within thirty (30) days of service of

this notice the following:

   1.  A statement as to whether the plaintiff has received benefits from either

Medicare or Medicaid at any time, for any reason, not limited to the injuries alleged in the instant

action.  If so, please state and/or provide:

     a.  Plaintiff's full name;

     b.  Plaintiff's gender;

     c.  Plaintiff's date of birth;

     d.  Plaintiff's Social Security number;

     e.  Plaintiff's residence telephone number;

     f.  The Health Insurance Claim Number and/or Medicare/Medicaid file
       number;

     g.  The address of the office handling the plaintiff's Medicare and/or
       Medicaid file;

        h.       A duly executed authorization bearing plaintiff's date of birth and Social Security number or Health Insurance Claim Number permitting this firm and/or the representatives of defendant(s) to obtain copies of plaintiff's Medicare and/or Medicaid records. (A Consent to Release is annexed hereto for your convenience)

2.      State whether Medicare and/or Medicaid has a lien and the amount of any such lien.

3.      Provide copies of all documents, records, memoranda, notes, etc., in plaintiff's possession pertaining to plaintiff's receipt of Medicare and/or Medicaid benefits, including copies of all documents provided to or received from the Medicare and/or Medicaid administrator.

4.      If any Medicaid and/or Medicare Secondary Payer (MSP) claims exist, please provide a copy of the claim summary from Medicare and/or Medicaid regarding those claims. If plaintiff has not received Medicare and/or Medicaid benefits in the past or is not receiving Medicare and/or Medicaid benefits now, state whether plaintiff is eligible to receive Medicare and/or Medicaid benefits.

5.      If plaintiff has been receiving Medicare and/or Medicaid benefits and is now deceased, please provide the following:

        a.       Relationship of the administrator of plaintiff's estate to plaintiff's decedent;

        b.       Name and address of plaintiff's administrator;

        c.       Telephone number and/or email address of plaintiff's administrator;

        d.       Social Security number of plaintiff's administrator;

        e.       An authorization to examine and copy deceased's Medicare and/or Medicaid records.

**PLEASE TAKE FURTHER NOTICE**, that pursuant to CPLR, this is a continuing demand and that you are required to serve the demanded information within thirty (30) days of the date of this demand.

If you do not possess the above-requested information, an Affidavit to that effect should be submitted.

**PLEASE TAKE FURTHER NOTICE**, that failure to comply with this Demand for Medicare/Medicaid information may result in the necessity of a motion to compel discovery accompanied by a request for the appropriate costs.

Dated: New York, New York
April 26, 2021

CULLEN and DYKMAN LLP
Attorney for Defendant(s)
**CVS Albany, LLC i/s/h/a CVS Pharmacy, Inc**
44 Wall Street, 14th Floor
New York, New York 10005
Phone (212)732-2000
Our File No.: 23000-145

## CONSENT TO RELEASE

TO:    Medicare Secondary Payer Recovery Contractor
        MSPRC Auto/Liability
        P.O. Box 33828
        Detroit, MI  48232-5828
        Fax: (734) 957-0998

I , _____(print your name exactly as shown on your Medicare card) hereby authorize the CMS, its agents and/or contractors to release, upon request, information related to my injury/illness and/or settlement for the specified date of injury/illness to the individual and/or entity listed below:

**CHECK ONLY ONE OF THE FOLLOWING TO INDICATE WHO MAY RECEIVE INFORMATION AND THEN PRINT THE REQUESTED INFORMATION:**

(If you intend to have your information released to more than one individual or entity, you must complete a separate release for each one.)

( ) Insurance Company  ( ) Workers' Compensation Carrier  (X) Other Cullen and Dykman LLP.

Name of entity: Cullen and Dykman LLP.
Contact for above entity: _____Erin Frost_____
Address:  44 Wall Street, 14th Floor, New York, NY 10005
Telephone: 212.732.2000_____

**CHECK ONE OF THE FOLLOWING TO INDICATE   HOW LONG CMS MAY RELEASE YOUR INFORMATION** (The period you check will run from when you sign and date below.)**:**

( ) One Year          ( ) Two Years          ( ) Other _____
                                               (Provide a specific period of time)

I understand that I may revoke this "consent to release information" at any time, in writing.

**MEDICARE BENEFICIARY INFORMATION AND SIGNATURE:**

Beneficiary      Signature: _____      Date      signed: _____
Note:  If the beneficiary is incapacitated, the submitter of this document will need to include documentation establishing the authority of the individual signing on the beneficiary's behalf. Please visit for further instructions.

Medicare  Health  Insurance  claim  Number  (The  number  on  your  Medicare  card.): _____

Date of Injury/Illness: _____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X

ANGEL UGALDE,                                    **DEMAND FOR**
                                                  **MEDICAL**
                              Plaintiff(s),       **INFORMATION**

        -against-                                 Index No.:707687/2021

CVS PHARMACY, INC., and 251 EAST 51ST STREET
CORP.

                              Defendant(s),
-------------------------------------------------------------------X

      **PLEASE TAKE NOTICE**, that the plaintiff is required to serve upon the

undersigned within twenty (20) days following receipt of this notice, the following:

1.    The names and addresses of all physicians or other health care providers who
have treated, examined or consulted with the plaintiff for each of the conditions
allegedly caused by, or exacerbated by, the occurrence described in the complaint,
including the date of such treatment or examination.

2.    Detailed narrative reports of all physicians and health care providers who will
testify at the trial of this action regarding their treatment and care of, or
consultation with the plaintiff.  Said reports must identify any other medical
documentation, including x-rays and technician reports relied upon or intended to
be offered as evidence in the plaintiff's behalf.

3.    Duly executed and acknowledged HIPAA compliant authorizations of the
plaintiff permitting the undersigned to secure the records, charts, bills and other
documentation, including x-rays, of:

a)    all hospitals, clinics and/or other health care facilities in which the injured plaintiff herein
was treated or confined due to the occurrence set forth in the complaint; and

b)    all treating, examining and or consulting physicians and/or other health care providers
relating to the injured plaintiff herein (Pizzo v. Bunora, 89 A.D.2d 1013, 454 N.Y.S.2d 455); and

c)    all pharmacies from which the injured plaintiff herein purchased prescription medication
for a period of one (1) year preceding the underlying occurrence to the present; and

d)    all hospitals or other facilities, in which the plaintiff was treated or confined and all
physicians and/or health care providers who treated, examined or consulted with the injured

plaintiff prior to the underlying occurrence for any injury or condition claimed to have been aggravated or exacerbated in the underlying occurrence or for any prior injury or condition affecting the same, related or adjacent body parts claimed to have been injured in the occurrence underlying this action.

The foregoing HIPAA compliant authorizations shall be directed to the appropriate hospital, physician, etc., with complete address of same and indicating any hospital or account number, dates of confinement or treatment and issued and executed in favor of the undersigned not more than thirty (30) days before receipt by the undersigned. The authorizations shall expire upon completion of the case.

**PLEASE TAKE FURTHER NOTICE**, that the answering defendant will move to preclude the offer into evidence on behalf of the plaintiff, **ANGEL UGALDE**, the testimony of any physician whose report has not been supplied in response hereto and as required by the applicable provisions of the C.P.L.R. and Appellate Division Rules and to preclude the offer into evidence of any demanded medical documentation or materials unless there has been full compliance with this demand.

Dated: New York, New York
        April 26, 2021

CULLEN and DYKMAN LLP
Attorney for Defendant(s)
**CVS Albany, LLC i/s/h/a CVS Pharmacy, Inc**
44 Wall Street, 14th Floor
New York, New York 10005
Phone (212)732-2000
Our File No.: 23000-145

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X

ANGEL UGALDE,                                          **DEMAND FOR**
                                                       **EXPERT WITNESS**
                                   Plaintiff(s),       **INFORMATION**

                      -against-                        Index No.:707687/2021


CVS PHARMACY, INC., and 251 EAST 51ST STREET
CORP.

                                   Defendant(s),
-------------------------------------------------------------------X

**PLEASE TAKE NOTICE** that it is demanded pursuant to Section 3101(d) of the Civil

Practice Law and Rules, that all parties are hereby required to serve upon the undersigned within

twenty (20) days of the date of this notice, the following:

1.      State whether there is any person you expect to call as an expert witness at the

time of the trial of this action.


2.      If the answer to the preceding is in the affirmative, please state in detail as to each

and every such expert person:

   a) His identity.

   b) His address.

   c) His field of expertise.

   d) Any sub-specialties of the witness within his field of expertise.

   e) In reasonable detail, the subject matter on which each and every expert is expected
      to testify.

   f) In reasonable detail, the substance of the facts and opinions to which each
      and every expert is expected to testify.

   g) In reasonable detail, the qualifications of each and every expert witness.

   h) In reasonable detail, a summary of the grounds for each expert's opinion.

i)   Names, dates and publishers of any treatises, books, articles or essays or other writings published or unpublished by the expert relating in any way to the subject matter on which said expert is expected to testify.  For each published article and essay, state the title of the book, journal or other work in which it can be found and the name and address of the publisher and date of publication.

3.     State whether any expert, including but not limited to the person or persons identified in the preceding demands at any time made an examination, analysis, inspection or test of:

a)     The premises or the area involved in the accident.

b)     Any other item of real evidence which may be relevant to determining the cause of the accident or the damages alleged in the complaint.

4.     If the answers to any of the preceding demands is in the affirmative, for each such person state:

a)     The determination, if any, as to whether or not the product or item inspected was manufactured consistent with specifications.

5.     Has the object or product identified in the preceding demands been destroyed or altered in the course of the examination, analysis, inspection or test performed upon it?

6.     Did anyone assist the persons identified in the preceding demands in the performance of the examination, inspection and analysis of tests?

7.     If the answer to any of the preceding demands is in the affirmative:

a) Identify each person who gave such assistance.

b) Describe the type and amount of assistance given.

c) State the dates on which such assistance given.

8.     Did any of the persons identified in any of the preceding demands submit any reports based upon the test examinations conducted?

9.     If any of the preceding demands are in the affirmative, state:

a) A description of each report that was made.

b) The date that each report was made.

c) Identify the person to whom each report was submitted.

d) Identify the persons who have present custody of each report.

10.    Attach a copy of any reports identified in response to any of the preceding demands.

**PLEASE TAKE FURTHER NOTICE**, that the within demand is a continuing demand and in the event that an expert is retained subsequent to your response to this demand, you are to provide updated answers to the foregoing discovery demands.  Your failure to do so will result in the preclusion of any testimony of any expert not identified pursuant to this demand.

Dated: New York, New York
       April 26, 2021

CULLEN and DYKMAN LLP
Attorney for Defendant(s)
**CVS Albany, LLC i/s/h/a CVS Pharmacy, Inc**
44 Wall Street, 14th Floor
New York, New York 10005
Phone (212)732-2000
Our File No.: 23000-145

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X

ANGEL UGALDE,

**DEMAND FOR
COLLATERAL SOURCE
INFORMATION**

                   Plaintiff(s),

          -against-                     Index No.:707687/2021

CVS PHARMACY, INC., and 251 EAST 51ST STREET
CORP.

                   Defendant(s),
------------------------------------------------------------------X

      **PLEASE TAKE NOTICE**, that you are hereby required to furnish to the undersigned within thirty (30) days hereof pursuant to 3101 and 4545 of the C.P.L.R., all documents, bills, invoices, receipts and/or cancelled checks concerning indemnification, payment and/or reimbursements, in whole or in part, which plaintiff(s) have received from collateral sources, including but not limited to insurance for loss of earnings and other economic loss which the plaintiff will claim as damages in this action.

      **PLEASE TAKE FURTHER NOTICE**, that failure to comply with the above mentioned request will render the plaintiff subject to available provisions provided under the C.P.L.R.

      **PLEASE TAKE FURTHER NOTICE**, that this is a continuing demand and should any of the information requested become available or known in the future, then you are required to furnish same at such time.

Dated: New York, New York
       April 26, 2021

                               CULLEN and DYKMAN LLP
                               Attorney for Defendant(s)
                               **CVS Albany, LLC i/s/h/a CVS Pharmacy, Inc**
                               44 Wall Street, 14th Floor
                               New York, New York 10005
                               Phone (212)732-2000
                               Our File No.: 23000-145

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X

ANGEL UGALDE,

**NOTICE TO TAKE
DEPOSITION UPON
ORAL EXAMINATION**

Plaintiff(s),

-against-

Index No.:707687/2021

CVS PHARMACY, INC., and 251 EAST 51ST STREET
CORP.

Defendant(s),
-------------------------------------------------------------------X

**PLEASE TAKE NOTICE**, pursuant to Art. 31, CPLR, the deposition upon oral questions of

the persons named will be taken as follows:

TO BE EXAMINED          :       Plaintiff

DATE, TIME & PLACE      :       July 12, 2021
                                10:0, 0 A.M.
                                Cullen and Dykman LLP
                                44 Wall Street, 14th Floor,
                                New York, NY 10005

      **PLEASE TAKE NOTICE** that testimony will be taken with respect to all relevant facts

& circumstances including negligence, contributory negligence, comparative negligence, liability

& damages in connection with the accident which is the subject matter of this lawsuit.

      **PLEASE TAKE FURTHER NOTICE** that pursuant to CPLR 3111, the plaintiff and

any co-defendant is required to produce the following items at the deposition:

      1.    Any report prepared by or on behalf of the party or person to be examined, his
servants, agents or representatives.

      2.    All bills and any receipts, cancelled checks or estimates relating to damages.

      3.    If lost earnings are claimed, Federal and State Income Tax returns covering the
year when the incident occurred and for two years prior thereto and one year thereafter.

      4.    Any contracts, leases or documents which will be relied upon with respect to any
claim of any party to this action.

5.    Any statement given by or on behalf of the party serving this notice.

6.    Any and all exhibits, papers and/or documents relative to this lawsuit and the underlying claim.

Dated: New York, New York
          April 26, 2021

CULLEN and DYKMAN LLP
Attorney for Defendant(s)
**CVS Albany, LLC i/s/h/a CVS Pharmacy, Inc**
44 Wall Street, 14th Floor
New York, New York 10005
Phone (212)732-2000
Our File No.: 23000-145

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------------------------------------X

ANGEL UGALDE,                                                    **DEMAND FOR**
                                                                **INSURANCE**
                                    Plaintiff(s),               **INFORMATION**

                    -against-                                   Index No.:707687/2021


CVS PHARMACY, INC., and 251 EAST 51ST STREET
CORP.

                            Defendant(s),

------------------------------------------------------------------X

   **PLEASE TAKE NOTICE**, that demand is hereby made upon you, pursuant to CPLR 3101 (f) to produce and permit the undersigned attorney to inspect and copy the contents of (a) each and every primary, contributing and excess insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, and (b) each and every insurance agreement in which the insuror is obligated to defend this action.

   **PLEASE TAKE FURTHER NOTICE**, that said insurance agreements are to be produced within thirty (30) days hereof, at 2:00 p.m. at the office of **Cullen and Dykman LLP.**, 44 Wall Street, 14th Floor, New York, NY 10005 at which time they will be physically inspected, copied or mechanically reproduced and returned.

Dated:  New York, New York
   April 26, 2021


        CULLEN and DYKMAN LLP
        Attorney for Defendant(s)
        **CVS Albany, LLC i/s/h/a CVS Pharmacy, Inc**
        44 Wall Street, 14th Floor
        New York, New York 10005
        Phone (212)732-2000
        Our File No.: 23000-145

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X

ANGEL UGALDE,                                          **DECLINATION OF**
                                                       **SERVICE VIA**
                              Plaintiff(s),            **FACSIMILE**

         -against-                                     Index No.:707687/2021


CVS PHARMACY, INC., and 251 EAST 51ST STREET
CORP.

                              Defendant(s),
------------------------------------------------------------------X

     **PLEASE  TAKE  NOTICE**, that this answering defendant hereby declines receipt of

service of legal papers of any type whatsoever by facsimile or other electronic means.

Dated: New York, New York
     April 26, 2021

                         CULLEN and DYKMAN LLP
                         Attorney for Defendant(s)
                         **CVS Albany, LLC i/s/h/a CVS Pharmacy, Inc**
                         44 Wall Street, 14th Floor
                         New York, New York 10005
                         Phone (212)732-2000
                         Our File No.: 23000-145

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------------------X

ANGEL UGALDE,                                         **DEMAND FOR**
                                                       **PROOF OF FILING**
                                   Plaintiff(s),       **AND INDEX NUMBER**

            -against-                                  Index No.:707687/2021

CVS PHARMACY, INC., and 251 EAST 51ST STREET
CORP.

                              Defendant(s),
--------------------------------------------------------------------X

     **PLEASE TAKE NOTICE**, that the undersigned hereby demands that the plaintiff

provide the names and addresses of all the parties appearing in this action or the names and

addresses of their respective attorneys together with copies of all pleadings heretofore served by

those parties upon the plaintiff's attorney, pursuant to Sec. 2103(e) of the C.P.L.R.

Dated: New York, New York
     April 26, 2021

                       CULLEN and DYKMAN LLP
                       Attorney for Defendant(s)
                       **CVS Albany, LLC i/s/h/a CVS Pharmacy, Inc**
                       44 Wall Street, 14th Floor
                       New York, New York 10005
                       Phone (212)732-2000
                       Our File No.: 23000-145

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X

ANGEL UGALDE,                                           **DEMAND PURSUANT**
                                                        **TO CPLR 3017(c)**
                                      Plaintiff(s),
                                                        Index No.:707687/2021
            -against-


CVS PHARMACY, INC., and 251 EAST 51ST STREET
CORP.

                                      Defendant(s),
-------------------------------------------------------------------X

      **PLEASE TAKE NOTICE** that demand is hereby made that plaintiff's served

upon the undersigned within fifteen (15) days hereof, a supplemental allegation stating

the total damages to which plaintiff's deem themselves entitled in this action pursuant to

C.P.L.R. 3017(c).

Dated: New York, New York
      April 26, 2021

                               CULLEN and DYKMAN LLP
                               Attorney for Defendant(s)
                               **CVS Albany, LLC i/s/h/a CVS**
                               **Pharmacy, Inc**
                               44 Wall Street, 14th Floor
                               New York, New York 10005
                               Phone (212)732-2000
                               Our File No.: 23000-145

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X

ANGEL UGALDE,

                         Plaintiff(s),

          -against-

CVS PHARMACY, INC., and 251 EAST 51ST STREET
CORP.

                        Defendant(s),
------------------------------------------------------------------X

**E-DISCOVERY AND SOCIAL MEDIA DEMAND AND <u>LITIGATION HOLD</u>**

Index No.:707687/2021

      **PLEASE TAKE NOTICE,** that pursuant to CPLR §3120, the plaintiff is hereby required to produce for discovery and inspection by the undersigned attorneys, within thirty (30) days hereof, the following items of electronic data and information within the plaintiff's possession or control that are relevant to the accident/incident alleged in the complaint and any injuries or damages claimed as a result including but not limited to:

      1.     All relevant electronically stored e-mails, letters, notes, memoranda, and calendar entries from personal computer (s), laptop computer(s), home desktop computer(s), cellular telephone(s), personal digital assistant(s) or any other device with such storage capabilities;

      2.     All relevant Instant Message (IM) logs, transcripts, data (.dat) files stored on hard drives(s) including but not limited to personal computer(s), laptop computer(s), home desktop computer(s), cellular telephone(s), personal digital assistant(s), and computer(s) used at the plaintiff's place of employment;

      3.     All relevant voicemail messages store on cellular telephone(s), home telephone(s), work telephone(s), personal digital assistant(s), or any other similar device(s) with the capability of sending and receiving text messages;

      4.     All relevant voicemail messages store on cellular telephone(s), home telephone(s), work telephone(s), personal digital assistant(s), or any other device(s) with the capability of receiving and saving voicemail messages;

5.       All relevant Facebook, Twitter, MySpace, LinkedIn, Vine, Instagram and other social media accounts used by/maintained by plaintiff including but not limited to true and accurate copies of all "tweets," "wall posts," info," "photos," "videos," "blogs," "comments," "likes," and "status" pages and postings, and provide a duly executed authorization permitting the release of certified copies of same including currently posted, deleted, and archived materials,

6.       Data map(s) and/or detailed representation(s) of the type(s) and location(s) of all electronically stored information ( ESI) including but not limited to the following electronic systems:

- Servers and other active and dynamic data including but not limited to file servers, e-mail and voicemail servers;

- Data management systems including but not limited to backup tapes, financial systems, and disaster recovery systems;

- Endpoints including but not limited to desktops, laptops, personal digital assistants, and cellular telephones;

- Portable media including but limited to flash drives, hard drives, CD's and DVD's; and

- Data hosted by third-party vendors including but not limited to payroll systems and junk mail filtering systems.

**PLEASE TAKE FURTHER NOTICE,** that plaintiff's counsel must advise the plaintiff of a "litigation hold" instruction and direct the plaintiff to preserve relevant all electronically store information (ESI) contained in, but not limited to the plaintiff's laptop computers, desktop computers, home computers, business computers, e-mail accounts, e-mails, personal digital assistants, cellular telephones, home telephones, work telephones, text messages, IM  accounts, IM messages, voicemails, other electronic storage devices, etc., including all meta data including but not limited to information embedded in computer files reflecting the file creation date, when it was last accessed or

edited, by whom it was last accessed or edited, and previous versions or editorial changes; system data including but not limited to the computer records of routine transactions, functions, password access requests, the creation or election of files and directories, maintenance functions, and access to and from other computers, printers, or communication devices; and Backup data including but not limited to all off-line tapes or disks created and maintained for short-term disaster recovery.

**PLEASE TAKE FURTHER NOTICE,** that this demand is a continuing demand and the demanding party will object at time of trial to the introduction of any testimony or evidence which flows from the existence of such documents or information which has not been produced.

**PLEASE TAKE FURTHER NOTICE,** that unless this demand is timely and fully complied with, an appropriate application will be made seeking relief.

**PLEASE TAKE FURTHER NOTICE,** that any expense involved in duplicating the material called for in this demand will be promptly reimbursed to the answering party up representation of a proper bill.

Dated: New York, New York
      April 26, 2021

                    CULLEN and DYKMAN LLP
                    Attorney for Defendant(s)
                    **CVS Albany, LLC i/s/h/a CVS**
                    **Pharmacy, Inc**
                    44 Wall Street, 14th Floor
                    New York, New York 10005
                    Phone (212)732-2000
                    Our File No.: 23000-145

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X

ANGEL UGALDE,

                                Plaintiff(s),

                -against-

CVS PHARMACY, INC., and 251 EAST 51ST STREET
CORP.

                          Defendant(s),
-------------------------------------------------------------------X

**DEMAND TO PLAINTIFF
REGARDING LITIGATION
<u>FUNDING CO</u>**.

Index No.:707687/2021

        PLEASE TAKE NOTICE, that the defendant, **CVS ALBANY, LLC i/s/h/a CVS PHARMACY, INC.,**, demands that the plaintiff state whether he/she, his/her attorney(s) or anyone on his/her attorney's behalf has entered into an agreement, contract, contingency or loan with a lender, litigation funding company, litigation lending company, medical funding company or other similar entity, company, corporation, partnership or person that is engaged in loaning money, advancing money or financially assisting  plaintiff or plaintiff's attorney in any aspect of this case, whether it be for payment of medical bills, litigation expenses, witness expenses, lost wages or an advancement against a portion or all of any potential recovery you may receive.

        If the preceding demand is applicable please provide:

(a)    The complete name and address of the lender, litigation funding company, litigation lending company, medical funding company or similar entity as described above.

(b)    The date on which agreement, advance or loan was made.

(c)    The amount of such agreement, advance or loan.

(d)    All information, including documents of any kind provided to the lender, litigation funding company, litigation lending company, either pursuant to the request of the litigation funding company, litigation lending company or voluntarily.

(e)    A duly executed HIPAA compliant authorization to obtain the entire file materials maintained by the lender, litigation, funding/lending company, medical funding company or similar entity.

PLEASE TAKE FURTHER NOTICE, that the defendant, **CVS ALBANY, LLC i/s/h/a CVS PHARMACY, INC.,** demands that plaintiff provide legible copies of all documents related to the above interrogatory and legible copies of all brochures, applications, contracts, agreements, liens, correspondence or other similar documents received by plaintiff, completed by plaintiff, anyone on plaintiff's behalf and plaintiff's attorney(s) as part of the process of entering into all agreements, negotiations and contracts with a lender, litigation funding company, litigation lending company, medical funding company, or similar entity.

PLEASE TAKE FURTHER NOTICE, that in the event any of the requested documents and/or items do not exist, a verified statement to that effect is to be served on the undersigned on or before the aforesaid return date.

PLEASE TAKE FURTHER NOTICE, that this is a continuing demand notice and in the event any of the requested documents and/or items are obtained after the aforesaid return date, same are to be furnished to the undersigned within thirty (30) days after receipt.

PLEASE TAKE FURTHER NOTICE, that upon the failure to produce the requested documents and/or items on the date and the time and place demanded, a Motion will be made for the appropriate relief.

Dated:  New York, New York
        April 26, 2021

CULLEN and DYKMAN LLP
Attorney for Defendant(s)
**CVS Albany, LLC i/s/h/a CVS Pharmacy, Inc**
44 Wall Street, 14th Floor
New York, New York 10005
Phone (212)732-2000
Our File No.: 23000-145

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------------------X

ANGEL UGALDE,                                              **DEMAND FOR**
                                                           **ATTORNEY**
                                        Plaintiff(s),      **IDENTIFICATION**

            -against-                                      Index No.:707687/2021


CVS PHARMACY, INC., and 251 EAST 51ST STREET
CORP.

                              Defendant(s),
--------------------------------------------------------------------X

      **PLEASE TAKE NOTICE**, that the undersigned hereby demands that the plaintiff

provide the names and addresses of all the parties appearing in this action or the names and

addresses of their respective attorneys together with copies of all pleadings heretofore served by

those parties upon the plaintiff's attorney, pursuant to Sec. 2103(e) of the C.P.L.R.

Dated: New York, New York
      April 26, 2021

                                  CULLEN and DYKMAN LLP
                                  Attorney for Defendant(s)
                                  **CVS Albany, LLC i/s/h/a CVS**
                                  **Pharmacy, Inc**
                                  44 Wall Street, 14th Floor
                                  New York, New York 10005
                                  Phone (212)732-2000
                                  Our File No.: 23000-145

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------------X

ANGEL UGALDE,                                                  **NOTICE TO PRODUCE**

                       Plaintiff(s),

                                       Index No.:707687/2021

       -against-

CVS PHARMACY, INC., and 251 EAST 51ST STREET
CORP.

                       Defendant(s),
---------------------------------------------------------------------X

**PLEASE TAKE NOTICE** that the undersigned hereby demands that Plaintiff,

produce for discovery and inspection, at the office of the undersigned within thirty (30)

days, the following:

1. Electronic .jpeg images of the photographs marked during the deposition of
   plaintiff and/or exchanged in discovery, including all metadata.

2. All email, text and/or electronic communications involving the plaintiff, in
   which the photographs marked during the deposition of plaintiff and/or
   exchanged in discovery were sent to the plaintiff.

**PLEASE TAKE FURTHER NOTICE**, that the within demand is a continuing

demand.  In the event that any of the above items are obtained after service of this

demand, they are to be furnished to the undersigned pursuant to this demand.

**PLEASE TAKE FURTHER NOTICE** that, upon your failure to produce the

aforesaid documents, at the time and place required in this notice, defendants will oppose

any attempts to place this case on the trial calendar of this Court and/or appropriate

motions for relief will be made to this Court.

Dated: New York, New York
       April 26, 2021

                                CULLEN and DYKMAN LLP
                                Attorney for Defendant(s)
                                **CVS Albany, LLC i/s/h/a CVS
Pharmacy, Inc**
                                44 Wall Street, 14th Floor
                                New York, New York 10005
                                Phone (212)732-2000
                                Our File No.: 23000-145

## <u>AFFIDAVIT OF SERVICE -E-MAIL</u>

**STATE OF NEW YORK** )

: SS.:

**COUNTY OF NEW YORK)**

  **VERNELL MARSHALL**, being duly sworn, deposes and says that deponent is not a party to this action, is over 18 years of age and resides in Brooklyn, New York.

  That on the 26th Day of April, 2021 deponent serve the within **Certification Pursuant to Part 130, Verified Answer with Cross-Claim, Notice re: Medicals, Notice for Discovery and Inspection, Declination of Service Via Facsimile, Demand for Proof of Filing, Demand for Insurance Information, Notice to take Deposition Upon Oral Examination, Demand to Plaintiff regarding Litigation Funding Co., Demand Attorney identification, Demand for Experts, Demand for Collateral Source, Demand for a bill of Particulars, Demand pursuant to CPLR 3017(c), Demand for Medicare/Medicaid Information, E-discovery and Social media Demand and Litigation Hold and Notice to Produce** upon:

 Law Office of Neil Moldovan, P.C.
 Attorney for Plaintiff
 900 Stewart Avenue, Suite 220
 Garden City, New York 11530
 Via E-mail: neil@neilmoldovanlaw.com

that being the email address designated by them for that purpose upon the latest papers served by them in this action.

           **VERNELL MARSHALL**

Sworn to before me this
26th day of April, 2021

**FRANK J LOURENSO**
**NOTARY PUBLIC, STATE OF NEW YORK**
**No.: 02LO4982740**
**Qualified in New York County**
**Commission Expires July 18, 2021**

**Marshall, Vernell**

---

| | |
|---|---|
| **From:** | Frost, Erin R. |
| **Sent:** | Wednesday, April 7, 2021 10:56 AM |
| **To:** | Marshall, Vernell |
| **Subject:** | ugalde v cvs |
| | |
| **Categories:** | Maroon |

Hi!

Can we answer for CVS Albany , LLC i/s/h/a CVS Pharmacy, Inc

DKI&R   1
DIB       2, 5, 16 through 18
DKI       3
RRR       4
DIB&R   6 except admit CVS Albany, LLC operates a pharmacy at 969 2nd Avenue, New York, New York
DIB&R   7 through 15, 19

RRR       20
DKI       21 through 29
DIB as to us and DKI as to co-defendant 30, 32
DIB       31
DIB&R   33

Ads from any CVS case
Cross claims against 251 East 51st street

** we noticed there was a d&I in one of our answers that was really a second demand for BP – whatever case that was we used as a sample in a couple of answers recently, which meant we didn't actually serve a d&I on plaintiff – byron is re-serving d&is on those cases.  Just make sure the sample answer you use isn't one that has the incorrect d&I.  ill double check too

Thanks!

ERF

**Erin R. Frost**
Partner
**Cullen and Dykman LLP**
44 Wall Street
New York, New York 10005
T: 212.701.4169 | F: 212.742.1219
E: efrost@cullenllp.com

ATTORNEY-CLIENT PRIVILEGED COMMUNICATION - DO NOT FORWARD OR COPY - CONFIDENTIALITY NOTICE: The contents of this e-mail message and any

attachments are intended solely for the personal and confidential use of the recipient(s) named above. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments.

Due to the ongoing coronavirus pandemic, the undersigned respectfully requests that you forward ALL future correspondences, discovery demands, discovery responses, pleadings, medical records and/or invoices via E-MAIL or SECURE FILE SHARE to the handling attorney, Efrost@cullenllp.com. We also ask that you refrain from serving copies via physical mail.




# NYSCEF - Queens County Supreme Court
# Confirmation Notice

The NYSCEF website has received an electronic filing on 04/26/2021 01:00 PM. Please keep this notice as a confirmation of this filing.

**707687/2021**

**Angel Ugalde v. CVS Pharmacy, Inc. et al**

**Assigned Judge: None Recorded**

## Documents Received on   04/26/2021 01:00 PM

| Doc # | Document Type |
|-------|---------------|
| 3 | ANSWER WITH CROSS-CLAIM(S) |
| | Verified Answer with Cross Claims |
| 4 | DEMAND FOR: |
| | Various Demands |
| 5 | AFFIRMATION/AFFIDAVIT OF SERVICE |
| | Affidavit of Service |

## Filing User

Erin R. Frost | efrost@cullenanddykman.com
44 Wall St, New York, NY 10005

## E-mail Notifications

An email regarding this filing has been sent to the following on 04/26/2021 01:00 PM:

**ERIN R. FROST - efrost@cullenanddykman.com**

**NEIL MOLDOVAN - neil@neilmoldovanlaw.com**

## Email Notifications NOT Sent

| Role | Party | Attorney |
|------|-------|----------|
| Respondent | 251 East 51st Street Corp. | No consent on record. |

* Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.

---

**Audrey I. Pheffer, Queens County Clerk and Clerk of the Supreme Court - apheffer@nycourts.gov**
Phone: 718-298-0173, 718-298-0601     Website: https://www.nycourts.gov/COURTS/11jd/queensclerk

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile




# NYSCEF - Queens County Supreme Court
# Confirmation Notice

**707687/2021**
**Angel Ugalde v. CVS Pharmacy, Inc. et al**
**Assigned Judge: None Recorded**

---

**Audrey I. Pheffer, Queens County Clerk and Clerk of the Supreme Court - apheffer@nycourts.gov**
Phone: 718-298-0173, 718-298-0601      Website: https://www.nycourts.gov/COURTS/11jd/queensclerk

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

Page 2 of 2